## AS TO THE ACQUISITION OF TITLE THROUGH THE ADVERSE POSSESSION OF A PREDECESSOR.

Circuit Court of Licking County.

AMY LOUGHRIDGE V. M. D. HARTSHORN.

Decided, March Term, 1911.

*Title—Prescriptive Rights in Land do not Pass to a Grantee, When— Adverse Possession—Injunction Against Occupancy.*

The purchaser of a specified amount of land, cut off by accurate survey from one side of a larger tract belonging to the grantor, does not acquire title to an additional strip lying outside of his surveyed line, to which he contends his predecessor acquired title by adverse possession through a mistake as to the location of the true boundary line; and in the absence of the predecessor in title as a party to the case, the owner of the adjoining lands will be granted an injunction against occupancy of said strip by the grantee of said predecessor in title.

*Smythe & Smythe* and *J. M. Swartz*, for plaintiff.
*Flory & Flory*, contra.

BY THE COURT (VOORHEES, J., SHIELDS, J., and POWELL, J.)

The petition in this case was filed by the plaintiff, Amy Loughridge, alleging that she is the owner in fee simple of certain described real estate and in possession of the same, giving a pertinent description of the lands owned by her, and alleging also that the defendant is in possession of and claims to be the owner of a tract of land immediately west of her lands described in said petition, and that the two parcels of land are divided by a straight line running north and south, a distance of about 113 rods. She further alleges that, by an agreement heretofore made by the owners of said respective tracts of land, the fences erected and to be erected and maintained along said line were erected and maintained as follows:

The owners of said east tract, being the land now owned by plaintiff, were to erect and maintain a fence along said line, commencing at the north end thereof, and running south about 40 rods; the owners of the west tract, being the land now owned by the defendant, were to erect and maintain a fence along said line,

commencing at the point where her fence terminated and to connect with the same, and running thence south along said straight line about 49 rods; and that the owners of said east tract were to erect and maintain a fence along said line, from the point last mentioned to the south end thereof, *i. e.,* along said line dividing the said two parcels of land.

She alleges that the defendant threatens to and has commenced to erect a fence on the said line of plaintiff, at a point about 40 rods south from the north end of said line, at least 2 feet at said point, from the true line, by planting posts there and running in a southeasterly direction, and in a straight line, to a point about 12 feet east of said true line, and alleges that his intention and purpose in so doing is to enclose within his own land so much of plaintiff's land as lies east of said true line and west of the fence so to be erected by him; and she asks that he be enjoined from erecting said fence on the line on which he is attempting to construct the same.

To this petition the defendant filed an answer and cross-petition, in which he claimed that the line on which he is intending to construct his fence was the true line between his land and the lands of plaintiff, and that he and those under whom he claims had, for more than twenty-one years last past, constructed and maintained a fence upon the line between the lands of plaintiff and defendant, commencing at the end of plaintiff's part of said partition fence and extending south, and that plaintiff and those under whom she claims had, for more than twenty-one years, constructed and maintained a fence upon said line between the lands of plaintiff and defendant commencing at the south end of that part of the partition fence constructed and maintained by defendant and those under whom he claims and running south to the end of the line between the lands of plaintiff and defendant; and he makes the claim that he and those under whom he claims have, for more than twenty-one years, been the owners in fee simple of the land located on the west side of the land owned by plaintiff, and that he is now the owner of said land, and that said fence has been a partition fence.

A supplemental answer and cross-petition was filed, alleging that the plaintiff was about to construct her fence at the south

end thereof, not on the line where it had formerly stood, but upon the lands of this defendant. To this answer a reply was filed, denying each and every allegation therein contained.

On this issue trial was had, in which the petition was dismissed in the court of common pleas, and an appeal taken by the plaintiff to this court, where the same was tried upon the evidence.

It appears from the evidence adduced that the defendant, Hartshorn, purchased the real estate owned by him, adjoining the lands of plaintiff, about the year 1905, from one Margaret Bean; that the same consisted of 30 acres off of the east end of what was known as the Bean farm; that at that time the county surveyor, John J. Gilpatrick, was called upon to survey said tract of 30 acres and to furnish a description of the same, for the purpose of making a deed by the then owner to the defendant; that a survey was made some time during the months of June and July, 1905, by said surveyor, and the deed for the lands so conveyed, being 30 acres, was executed by the owner of said Bean farm to the defendant, Hartshorn.

It appears from the evidence of Mr. Gilpatrick that his survey was to measure off the exact amount of 30 acres, and that the east and west lines of such survey were parallel lines and included within the boundaries measured by him the exact amount of 30 acres out of the Bean tract.

It further appears from the evidence that the west line of plaintiff's land is a straight line; that a stone was planted at the northwest corner of plaintiff's land, in the center of the fence running south, being the west line of plaintiff's land, and the southeast corner of plaintiff's land and the southwest corner of defendant's land was ascertained and marked in said survey.

The defendant can claim only such lands as were conveyed to him by the deed of Margaret Bean, and these lands are accurately marked and defined by the survey then made by Mr. Gilpatrick and described in the deed.

It further appears from the evidence that at the south end of the partition fence that belonged to plaintiff there had formerly stood a worm rail fence, which was not upon the true line, but which diverged east of the true line or the line located and established by the Gilpatrick survey; and defendant claims that be-

cause said fence, as located, had stood on said line for more than twenty-one years, it had, by prescription, become the true line between his lands and the lands of plaintiff, and that he owned the land to said line without regard to the line marked and established by said county surveyor; but it is not claimed or contended by the said defendant that he himself had been in possession of said land for the twenty-one years, but he claims to own to said line because his predecessors in title had so occupied said land for more than twenty-one years.

We find that the defendant is the owner of the land surveyed and designated by the county surveyor and incorporated in his deed, and of nothing more; that if there is a strip of land lying east of the surveyed line, and west of the line where said fence stood. it does not become his land by prescription, and that if any right by prescription has accrued to his predecessors in title, the same was not conveyed to him by his deed.

For this reason, we think we are not called on to ascertain whether any such prescriptive right exists or not, because if it does exist, it exists in favor of Margaret Bean and not of the defendant, and he should build his part of the partition fence upon the actual line surveyed by Gilpatrick, the county suryeyor; and not upon the line where such worm fence formerly stood.

It appears from the evidence that plaintiff has the title to the lands east of and adjoining the land so conveyed to the defendant, subject to any prescriptive right that any other person not a party to this suit may have to the strip west of said worm fence, and as no such party is here making claim under such prescriptive right, except the defendant, she has the right to have her title quieted to said line.

The holding of this court is supported by the authority in the case of *George Earl* v. *Rosetta Williams Hall et al,* 14 O. N. P., 234, wherein it is held:

"Where land owned by two tenants in common is partitioned with reference to a fence upon the premises, which, under a mutual mistake, is believed to be the true boundary, and both parcels are occupied and farmed by their respective proprietors up to and with reference to such line, in an open, continuous, notorious and exclusive manner, for a period of twenty-one years, a title by prescription is thereby acquired.

"Where an occupant claims title under a deed which does not in fact include the land in dispute, his possession thereunder can not be tacked on to the adverse possession of his grantor, in order to make out a title by prescription."

We think the second proposition of the syllabus controls this case and does not conflict with the holding of the Supreme Court in the case of *McNealy et al* v. *Langan*, 22 O. S., 32, but is in harmony with the principles recognized by the Supreme Court in the case of *Smith* v. *McKay*, 30 O. S., 409, and the case of *Humphreys et al* v. *Huffman et al*, 33 O. S., 395.

For the reasons above stated, a decree may be entered in favor of the plaintiff, quieting her title as against the defendant for the premises in dispute, and restraining the defendant from interfering with her in the possession and enjoyment of the same, and from constructing his fence as he threatens to do, all as prayed for in the petition.